Morning, Your Honors. My name is Michael Donahoe. I'm here on behalf of Mr. Salazar Lopez. We're here on an appeal from denial of a 2255 paper. As first order of business, I'd like to lay to rest the book of retroactivity claim. We'll just leave that to the paper, if the Court please. I recognize that I was bound by the crew's decision. Retroactivity here is not an issue. Nonetheless, we ask the Court to please take a look at some of the salient facts in this case. We recognize that the burden here would be for us to convince the Court that there was some factual error by Judge Shandstrom in resolution of this 2255, and that we're working on a clear error standard. I respectfully submit that if the Court looks at the listed findings that are at ER pages 190, 192, Judge Shandstrom sets out a list of seven things that the defense counsel spoke to and four items that the appellant here spoke to at the 2255 hearing. And then there seems to be in the subsequent paragraph of Judge Shandstrom's order sort of a gross evaluation of the credibility of the respective individuals, and he falls on the side of the defense counsel and says there's just not an issue here. Respectfully, we'd ask the Court to look at those findings in light of the transcript, and in particular two pages in the ER, 165 and 174, where the defense counsel addresses what may have been going on between he and the appellant as far as resolution of this case is concerned.  Is there more than one way to resolve the case? The defense counsel does not. What I have difficulty with is the prejudice prong of the ineffective assistant. I don't – there isn't – I'm not sure what the argument is that the defendant would have proposed to do here, to plead guilty to the drug charges and not to the gun charges? Or there's all this talk about an Alford plea to one of the gun charges, but no specification of which one it's going to be. So I don't know what is – what he proposes to do had he received the correct information. Well, Your Honor, respectfully, it's difficult to go back and reconfigure everything that should have happened. I'd like to lay out some – Well, you have to do that if you're going to claim prejudice. Well, we have prejudice, Your Honor, in that the record clearly shows that the counsel states on the record that the case definitely should have been pled. When he makes that statement at the 2255 hearing, he's saying that in the context of the drug charges. There was clearly overwhelming evidence in this case that those drug offenses had been committed. There was no question that that part or that aspect of this case should have never gone to trial. There were other charges, too. The counsel admits that, Your Honor. Yes. But if you're going to get the responsibility to the three points, you've got to either plead guilty to everything or you've got to be plead guilty to everything you're not acquitted of, I think. Respectfully, Your Honor, I disagree with that. That three points would not have affected in any manner the consecutive term for possession of that 9-millimeter weapon. That 60 months would have been added on to whatever the drug guideline sentence was. So the three points would have endured to his benefit on the gun charges. It wasn't going to – or on the drug charges. It wasn't going to affect the gun charges. So he doesn't have to come in. He clearly doesn't have to come in and plead guilty. Well, there's a lot of case law that says you've got to plead to everything if you're going to get the three points. Well, I think that that's an interesting point here. If you look at the Rashad case that I cited from the D.C. Circuit, it talks about the possibility of entering that out for plea. Plus, it gets a little bit more complex here on the gun charges in that there were three of those, and he was acquitted of two of them. So he had a basis for it. Well, you know that now, but you didn't know that before he pleaded. But retrospectively, Your Honor, it speaks to his state of mind in not wanting to enter a plea to the gun charges. If he was charged with three gun counts that could have been stacked. That just gets you to the point. That just helps you argue or try to persuade us that he would have entered a plea. And he testifies to that. But the question, though, is would it have made a difference in the outcome? Well, it would have made a difference. But, you know, is it reasonably probable that the outcome of the proceeding would have been different had he planned? Well, Your Honor, if you can take into account some attendant facts, look at U.R. page 20. That's early in the case where at sentencing, defense counsel is speaking to Judge Shandstrom, and he says this was a man that was disoriented, apparently, by the drugs. He couldn't speak English at the time. He was oppositional. This was a difficult relationship from the go. If the man didn't know that he should have been in court pleading guilty to those drug charges and that there may have been some more sophisticated or finessed way to deal with the gun charges, it's really unfair to hold him accountable to that now, especially given the fact that the defense counsel admits at the 2255 hearing he uses the words, there may have been a breakdown in the communication. Now, if there was, he gets a 30-year sentence. It's a meaningful opportunity to come in and plead to those drug charges and get the 3.67. Well, I think the question was, assume for the purposes of our discussion that it was that there was defective performance. Then your second problem you have to get over is prejudice, and you have to show that it's likely that he would have gotten 7 years less had the performance not been defective. And so the question is, is it likely that had he been told he had this alternative of pleading without cooperating, that that would have led to a reduction of 7 years? And first he would have had to plead guilty without a cooperation agreement. And you say, well, he would have pled guilty to the drug charges but not to the gun charges. There would have been an Alfred plea. Now, so the question is, do we – is that reasonably clear, that he would have had an Alfred plea to the count on which he would – the counts on which he wouldn't have been convicted? Secondly, is it correct that if he had insisted on going to trial on the other two, that he would have gotten the points? And thirdly, had he gotten – had he had that plea, is it reasonably probable that the judge who had discretion would have given him the 7 years? Well, I guess in reverse order, to answer the questions, and they're good ones, Judge Sandstrom does not make any alternative finding on this record. He's just sort of indifferent to that. He doesn't say that even if – I wouldn't have entertained even the possibility of granting the 3-point downward on the drug charges had he pled guilty. And the record doesn't speak to that. What I can say is that this individual did not have in front of him all of the requisite information to resolve a very serious case that takes 30 years of his life. There were other ways to deal with resolution of this particular case. And even if he had gone to trial, Your Honors, respectfully, on the guns, that would have been no impediment to Judge Sandstrom still granting him the 3-points acceptance on the drug charges had he pled guilty to those, which the defense counsel says he should have. What's your case for saying that you can go to trial on some charges and plead on others and get your 3 points? Well, just at the time in 1999, the way the guidelines were configured, I mean, the acceptance points would have only gone to the drug charges. They wouldn't have gone to the guns. Do you have any case that says if you've got 8 charges and you plead to 4, you can get 3 points? No, Your Honor, but there's nothing in the rule that prohibits filing a notice that he would plead guilty to all of the drug charges. Would that fact, if we knew that today, if that were the – they were the circumstances of the case, would that alter the analysis? Clearly, it would. He had come in and said, I want to plead to the sheet. I want to plead to those drug charges. I might have to reserve my right to trial on the gun charges because I believe I'm not guilty of those. And he's vindicated on two of those counts. So why wouldn't that make a difference to us now? I'm just asking for a case. Today, yesterday, then, what's the case that says you can plead to some and not to others and get the 3 points? Well, the only authority I have is the Rashad case that perhaps he could have reserved his right to trial on the gun charges or offered to enter the Alford plea on the gun charges. Is that the case in the District of Columbia? Yes, Your Honor, it is. Are there any cases in the Ninth Circuit? No, Your Honor. And I find that there is just no authority with respect to the Alford plea. And the record in this case, that's why I question the defense counsel on it, is clear on the point that there was no discussion of going that route. Apparently, in Federal court, and I've been practicing in district court for 25 years, they're anathema. District judges don't like them. The United States district judges don't like them. But in some instances, and this is a unique situation where it may have been a useful tool for this individual, and he does not, Mr. Salazar, have the state of mind, Your Honor, that he knows what the opportunities are, what the ways are, what the possible resolutions are. That clearly comes across from this record. Are you acquainted with the Ginn case? Ginn case in the Ninth Circuit? I'm sorry, Your Honor. G-I-N-N case? No. It's the Rashad case I was relying on. You're not acquainted with the Ginn case? No, Your Honor, I'm not. It looks like I've run out of time. Thank you, Your Honor. Good morning, Your Honors. Paulette Stewart, Assistant United States Attorney for the Government. In this case, first, the defense counsel, trial counsel, pretrial counsel, was not defective. They had discussions, they being the attorney and the client, had discussions regarding the evidence against him, the witness testimony. He did not use the word overwhelming evidence. He used the word substantial evidence against him in the hearing transcript. They talked about the substantial evidence against him. They talked about the likelihood of his conviction. They also talked about his opportunity to plead to the charges. Straight up? Plead guilty. Straight up? Plead straight up, plead and cooperate, plead to the charges. There's also discussions between defense counsel and the defendant's wife. At no time did the wife say, hey, my client, you know, husband says he's going to plead to the gun charges or the drug charges. But he never told him that he could plead without cooperating. That is correct. According to the record, they talked about pleading and cooperating. They didn't talk about just pleading alone. They didn't talk about the Alford plea. They didn't talk about a no contest plea. What they talked about, which, of course, is typical with drug cases, is pleading and cooperating. Defense counsel also makes clear at the hearing that this defendant was one of six that more or less had, as defense counsel, they were in league together. They were going to go to trial, period. There wasn't a chance that this client was going to plead guilty. And he actually makes that statement numerous times throughout the evidentiary hearing. This man was not going to plead, period. We talked about pleading. We had a good relationship. I'm not going to browbeat a client who doesn't want to plead. There's no deficient performance. Well, let's talk about prejudice. There is also no prejudice, Your Honor. The defendant must show more than his self-serving statement that had the attorney browbeat me into it, I'd have pled. And Turner states this. The defendant's self-serving statement is not enough to show prejudice. In Turner, there was a plea offer. It was extended to the client. The client rejected it. Very similar to this case. The counsel's ---- There was no plea offer here. There was no plea offer here. We're not dealing with a plea agreement here. We're not dealing with a plea offer. We are dealing just purely with the options of plea or trial. But the option of plea was discussed. It wasn't just solely blinders on trial. We are going to trial. But, you know, you're really not accepting for the purpose of argument that there was defective performance. Assume that there was defective performance, that they didn't tell him about the option of pleading without cooperating. Then what's the argument on prejudice? There isn't still ---- there is no prejudice. The defendant's self-serving statement that hindsight being 20-20, I'd have pled to the counts I was convicted on, isn't sufficient to show prejudice. Well, how would you show prejudice? If, you know, I wasn't told by my lawyer that I could plead without ratting on my friends who I had an arrangement with, we wouldn't rat on each other, and I wasn't told I could plead without that, how would you show prejudice? Yeah. We had an evidentiary hearing. The defense attorney talked to his wife. The defendant ---- He didn't tell the wife either that he could plead without. I mean, nobody knew that he could plead without cooperating. So if that were deficient performance, not to tell him that that's a possible plea, then how could he possibly show prejudice other than by saying what he would have done? I don't know, Your Honor. Right on the spot, I don't have a suggestion. Well, let me turn to another part of it. Would it ---- would he have been entitled to the three points if he had simply pled to the drug charges and reserved the gun charges? You know, that I don't know. Counsel makes a good point in that acceptance is a possibility, but at the same turn, if you go to trial, you don't get acceptance. The whole point behind acceptance ---- Well, the district court judge isn't absolutely foreclosed from granting acceptance. Even when somebody goes to trial, if there's good reason. That is correct. Acceptance is not completely foreclosed when you go to trial, especially if you're saving legal issues and various items. So you can get acceptance and go to trial. You may not get the full three. You may only get two in those days. Correct. And you can also plead and then obstruct justice and not get your acceptance even if you do plead. That's correct. So it's ---- we're playing with hindsights and what ifs at this point. Is it possible he could have gotten acceptance? Yes. Is it possible he could not have gotten acceptance? Yes. It has to be reasonably probable that the outcome of the proceedings would have been different, meaning I think that he would have gotten them. Correct. It has to be reasonably probable that he would have gotten them. I can't tell you if that's reasonably probable or not at this point. There are no further questions. There seems to be some statement in the briefs that an Alfred plea is just not something that happens in the District of Montana. We were trying to actually just find Alfred pleas in generals and couldn't find Alfred pleas or no contest pleas. We know that they happen in the state court all the time. We couldn't find really either one occurring within the Federal system. Maybe it's just because people perceive them as being too inconsistent with the acceptance of responsibility notion under the guidelines. Correct. It's acknowledgment of charges and there is evidence, but I'm not going to say the evidence – I'm not going to say I'm guilty, but I'm going to say the evidence would convict me. And it does seem inconsistent. Let me ask you one other question. The findings of the district judge, there's no finding on whether there was deficient performance and whether he's relying on a lack of prejudice or whether he thinks there's not deficient performance. He says the defendant's not credible in light of the testimony provided. I don't know what that means because the defense counsel's testimony is consistent with the defendant's story that he wasn't told about the plea without cooperating. Some of what the defendant said seems to be inconsistent with defense counsel, but not on the point of the failure to tell him about a plea without having to cooperate. There's no conflict on that point. And if that in itself was deficient performance, then the credibility of the defendant is really irrelevant to deficient performance because counsel acknowledges that. So I'm not sure what – and it's a fairly cursory finding. Do you understand what the district court was saying, what its findings were? Well, the whole statement, I guess, made by the court in the order that starts on excerpts of records, page 191. It says, after having heard the evidence, weighing the credibility of the witnesses and applying the ineffective assistance standard reflected in Strickland and its progeny, this court concludes that the defendant is not credible in light of the testimony provided and therefore has not met his burden. So, Your Honor, I took that to mean the defendant has not met his burden in establishing either defective performance or prejudice because those are the two prongs in Strickland. And, of course, that's me reading into the order because that's what the order references is Strickland and its standard. Well, if he were saying that he's not credible with respect to deficient performance and therefore he rejects that, there's a good argument that that's incorrect because defense counsel's testimony establishes deficient performance in one view of the law that is supposed to advise your client of the various possibilities and that one of the possibilities was that you can plead without having to turn on your co-defendants, and he wasn't told of that. And the judge never considers that or rules on that, which is a fairly significant issue, deficient performance. If the judge had said, you know, I'm not even going to consider deficient performance because I don't believe he would have accepted that, I reject that part of his testimony that he would not have accepted it, that would have been a different ruling. But it's a very summary sort of ruling by the judge. Yes, Your Honor. But I also believe, and I acknowledge I'm out of time, in the judge's factual findings in paragraph 6, it does state that it appeared the defendant was not interested in pleading guilty. In 5, they talk about the probability of his conviction. In 4, they talk about the substantial evidence against him. In 3, they talk about the possibility of a plea agreement. Really, I believe that should have been the possibility of pleading guilty, as there was no plea agreement in this case. But I believe the factual findings by the court acknowledge that. Well, those are his findings that that's what the defense counsel said. Those paragraphs are repeating the testimony of defense counsel. And he doesn't list the fact that defense counsel also testified that he did not tell him about a major possibility of pleading without having to cooperate. Correct. All right. Well, I think we've explored this as much as will be useful. Thank you, Your Honors. Thank you, counsel. I think you have a minute left. If not, we'll give you a minute. Thank you, Your Honor. I did run out of time. I appreciate it very much. I just would like to say that, as a matter of experience, I think that Judge Shandstrom, although he didn't make the alternative findings, if we could just go back to 1999 – I know this sounds like a lot of fancy footwork here, Alfred this, plead straight up to this, you know, that sort of thing. But if something could have been set in motion in that regard, Judge Shandstrom is a generous judge. He would take into consideration every factor. Even if you consider, Your Honors, that there had been a trial on the gun charges, the drug charges themselves in that admission could have figured heavily in that resolution. The jury would have been told, this individual has already admitted to his involvement in this conspiracy. That would have moved things along. It may have changed the outcome. So for those reasons, and especially given the fact that the three points could have been so meaningful to this individual, we respectfully pray that the Court will send the case back. At a minimum, just ask Judge Shandstrom if he would have conceived or entertained the possibility of granting him the three-point downward reduction. Thank you, Your Honors. Thank you, Counsel. The next case to be argued is United States, United Coastal Insurance Company v. Beck, Tallahansee.
judges: Reinhardt, Paez, Cudahy